Council, for some reason this case is weighted by the staff as a 20-minute argument instead of a 10-minute argument. The staff doesn't have an opportunity to really review the briefs or the law before they assign a tentative weight. I doubt very much that this is a 20-minute argument. I do as well, Your Honor. That would be helpful if you would. Thank you. Thank you. May it please the Court, counsel? If I may, I'd like to focus my argument primarily on the first issue with regard to the judge's rejection of a proffered plea of guilty and on the last argument, which has to do with the nature of a prior conviction. I think with regard to the second argument on the 851 information, that the case by this Court of Mayfield probably is dispositive, but I would rest on the briefs with regard to that particular argument. In this case, Mr. Cokonis proffered his plea to an indictment. Let me ask you a few questions. On the as I understand this issue, he wanted to plead, but not to the amount of the drugs. Correct. And he didn't want the district judge to determine the amount of the drugs. That's correct. He said he was going to dispute the amount and so he said there is no way. You have to take my plea, but nobody can decide the amount of the drugs? That was going to be his position with regard to any factual finding with regard to the quantity of the drugs. So why in the world would you think that a court has to accept a plea to a drug count and where there's a refusal to allow anybody to determine the amount of the drugs? I think what he was trying to do, and I think it's apparent from the pleadings, that what he was trying to do is set up a determination by this Court as to whether or not in an indictment such as this the Court may require the defendant to admit the all of the allegations, concluding statutory or guideline enhancing facts that are charged in the indictment. No, the question is, there's no way that anybody could ever determine the quantity of the drugs, which would affect the type of sentence that could be given, right? It would affect the at least the range of sentences. And you're saying it's a right to plead to a under circumstances where the court is deprived of the ability to determine the quantity of the drugs? Well, the Court is at least required to make a factual or take a factual basis from the defendant. And I think at that point Then what? Well, depending on what the facts bear out or what the facts are that are admitted by the defendant, the Court can make a determination as to whether or not the quantity that is alleged in the indictment or the type of drug that's alleged in the indictment sustains or allows the Court to impose the type of sentence that ultimately will be imposed. And I cite in the brief those cases that say that quantity and type of drug is not an essential element of the offense, particularly with regard, for example, to Banuelos. He may be, in fact, required to admit that he, as in the indictment Well, let's say he had. Let's say he admitted, yes, I was engaged in this drug transaction. I did all of the things required to find me guilty of transacting drugs or engaging in a drug transaction. But it was only one ounce. Does the Court have to accept that? No. I think the Court can certainly ask the government to make its proffer of evidence. And if there is a dispute, the Court can reject the plea at that point. But that's not what happened in this case. What happened in this case is that the Court required the defendant to admit the specific amount that's charged in the indictment, and it was well in excess of the I thought he asked the counsel whether he would be able to determine the amount, whether the Court would. And counsel said no. As I say, Your Honor, I think he was taking the position that he would dispute that amount, that ultimately, if the Court is going to take a factual basis, there has to be some kind of allocution or some kind of factual presentation with regard to the quantity. And that's what was going to be disputed. I want to follow up on something you said a minute ago, because I'm not sure I understood it correctly. It sounded like you said that he was basically setting up, in effect, he wants an advisory opinion from the Ninth Circuit. Did you say that he wanted this Court to solve the catch-22 that he put to the trial judge? Well, I think the catch-22 is there because of earlier cases by this Court, and that is that a person can admit the elements of the offense, but can still continue to dispute the quantity when it – because the quantity ultimately is going to determine what the consequence is. But this is a test case, basically. You put this – your client had this colloquy with the Court, the district court, for the specific purpose of having a case come to this Court so that we could resolve an issue. Is that right? It is. I'll tell the Court, I wasn't counsel for Mr. Kekone's trial, but it certainly appears that that's what he was trying to do in this instance. And it seems to me that he was faced with a position where the government had not offered any kind of a plea. He either went to trial and was going to be facing the allegations that were in the indictment, particularly with regard to count one of the superseding indictment, that he was going to have to face all of those charges and all of those enhancements. And while he was prepared to admit the basic elements of the offense, he wanted certainly to challenge the proof with regard to the statutory and guideline enhancements. Who was the counsel that was advising him at that point? It was Daniel Cooper, who was a CJA counsel in Tucson. Okay. I'm a little troubled by that, I've got to say. You're – there's no question in your mind that there is an actual case in controversy before us here? I think there is, Your Honor. There is a case in controversy here. I believe that he was certainly within his rights to challenge the quantity. And there's the Buñuelos case, which we have referred to. There's a number of other cases. In fact, the Lopez-Martinez case, where the defendant doesn't even have to know the type or quantity of drug that he's carrying, that ultimately that was a choice to be made or a determination to be made by the court. Now, Buckland has changed that and has said that although quantity and quality are not elements of the offense, they are material allegations that have to be pleaded and proved by the prosecution. So I think ultimately it would have – the proper procedure, if you will, would have probably have been that Judge Zapata could have taken the plea and set a jury trial. Now, I know the defendant wouldn't have been able to do that. Where within our jurisprudence is that allowed? Well, I don't think that it is. And that's why, as I say, I think this was being set up, if you will, as a test case, because there is no statutory or rules that allow the entitlement of a jury solely to determine quantity. And I think there's a number of cases that have talked about that. So that's really what you're looking for. You would like us to rule that in a situation like this, that the defendant, by setting up the catch-22, can in effect require the court to impanel a jury to decide drug quantity, but no other element of the crime? Well, what I would like the court to decide is whether or not the trial court can require, if a defendant is pleading to the indictment, whether he is required to admit not just the elements of the offense, but every statutory or guideline enhancement that's alleged in the indictment. We submit that they can't do that, that the district court shouldn't be allowed to do that, because Rule 11 only requires that the defendant admit the elements of the offense. And if the quantity or quality of drug is not an element of the offense, then, no, I don't think he should be required to do that. Just as an analogy, I'd like to say that in Tucson, where I practice, we have a lot of cases where a defendant is charged with illegal reentry following a deportation. When we enter into a plea agreement, among the things that are required by a defendant to be admitted are the fact that he may have an aggravated felony, the type of felony that it or the date of the felony, and what kind of a sentence he got. And all of those are statutory and or guideline enhancements. However, when a defendant pleads straight up to an indictment, all he's got to admit is that he is in the country illegally, that he has been deported, and that he doesn't have permission to be here. And we have had situations where the court seeks to, at the request of the prosecution, to have the defendant admit those enhancements. And over my objection, usually the court will not do that. But that's exactly what's happening here. You have an indictment. If you look at count one of this indictment, the superseding indictment, it alleges not just the quantity, but it alleges guns, role in the offense, a number of other statutory enhancements. And the issue then becomes, if the court is going to take a plea, must the defendant plead to everything if he's not going to do it by indictment? Or can he simply admit the elements of the offense, take his plea, and then litigate the remainder of the enhancements prior to sentencing? Now, given the procedure that you envision would resolve your problem, how do you square that with Patterson, Thomas, and Banuelos? Well, I can't square it, is the quick answer. Patterson and Banuelos simply say that the court must remand for a determination based on what the actual admission is at the change of plea. And as I say, in this instance, the judge probably could have said, look, if you're not going to admit any facts with regard to quantity or quality, then I'm rejecting your plea because there's no factual basis. But that's not what happened here. I think the defendant in this instance was prepared to admit that he was engaged in a conspiracy and was prepared to admit his role in that conspiracy. He was prepared also to dispute, it appears, the quantity of drug, with the exception, I think, of count two, of which there was no question about. But with regard to the rest of that, I think he was certainly within his rights under case law in this circuit to dispute those facts and have a determination made ultimately as to whether or not the district court could make those findings and by what standard. If I may, I'd like to proceed to the other. What about a plea to burglary of an occupied building? The defendant wants to plead guilty to burglary, but not that the building was occupied. Is that permissible? I don't think that there's a right to – if the indictment charges burglary of an occupied building, and that's what the indictment charges, if you're going to plead unconditionally, that's to say without a plea agreement, then I think that's what you have to plead to. That's what a defendant is required to plead to. I don't know that there is any authority for a defendant to plead to, if you will, a lesser included offense. Well, the difference in your case and in this case is the difference in sentencing. Yes. Now, you say that in the burglary case, he cannot plead to an unoccupied building. Not unconditionally. I would think that if he's going to enter his plea to the indictment that the judge would be in his rights to refuse the plea because there's no factual basis to sustain a conviction for the indictment. That's what's confusing, I suppose, about the case law in this circuit is that in some cases there are some material elements of the offense, but there are some statutory enhancements that you don't need to plead to and you can't be required to. And that's why I say I think this is exactly what was going on here, and I think the Court was wrong in simply rejecting it because he refused to admit an amount. I think the Court could have done the colloquy, asked him what are you admitting to, and then the Court would make a determination as to whether or not that was sufficient. And I would tell the Court that under case law as it exists today, a defendant doesn't necessarily have to admit to the quantity. He can simply say I thought there was a controlled substance involved. I didn't know what quantity. I didn't know what type of drug it was, but it was a controlled substance and, therefore, I am guilty and I admit that. But it didn't in effect your client make a conditional plea? He did ultimately, yes, because it was a stipulation. Does the standard court have discretion whether to accept a conditional plea? I believe the Court does, yes. And isn't that what really happened here? It depends, I guess, on the condition that we're talking about because the condition here that the Court imposed on him is you've got to admit the entire amount as charged in the indictment. And there certainly appears to be no case law that requires that. He can certainly plead to a controlled substance, and that would have been a valid plea. Whether or not that's a condition that the district court could impose upon him as a condition proceeding to accepting the plea, I would guess that's exactly the issue that they were trying to present in this instance. And our position is that the Court wouldn't be able to do that because it's not a requirement of the – it's not an element of the offense. It's just a statutory enhancement or a guideline enhancement fact. If I may, I'd like to move to the last argument with regard to this prior conviction for burglary. In Arizona, burglary in the second degree involves entry into a structure, a residential structure. There's no question here that the defendant entered into a structure of some sort. The problem is that Arizona defines structure very broadly. In fact, there's one point where they describe it as a place that's got sides and a floor. But it also can be a railroad car, a vehicle, or any object, in fact. The argument here, I think, is very much like the argument that was presented to this case.  It's a case where a building can include a structure. And that's what the primary authority relied upon. In Taylor, the discussion was whether or not burglary, common law burglary, is the same thing as what is defined in the State statutes. Burglary in Taylor was defined as the – in Taylor, it was defined as a structure.  It's not a vehicle. It's not a car or a tent, you know, or a little league stand. Those are the things we have in one of the other cases. But here, I thought structure is something separate from a vehicle or the other nonstructural items that can also be the subject of a burglary. Well, burglary is the unlawful entry into a residential structure. But the word structure is defined as being any building, object, vehicle, railroad car or place with four walls or four sides and a floor, which is securable. And that can include any number of things. What the trial court did at the State level was say, you went into a house and that was somebody's house and it was a structure. But what is the plea agreement here, say, on that, what the burglary was? That he entered into – Didn't he plead that he entered into an occupied dwelling? No. It pleaded that he entered into an occupied structure. So – However you cut this, though, counsel, if you take the modified categorical approach, which is what we have to deal with here, isn't this harmless error because the judge ultimately, at the end of the day, however he characterized your client as a criminal offender, a criminal offender, he still imposed only the minimum sentence. It didn't increase your client's sentence in any way. So how in is there a problem? Well, the cases, and certainly Blakely and the subsequent cases say that the calculation of the guidelines has at least got to be accurate. That's the starting point. But even if you get the minimum? Pardon me? Even if you get the minimum? Well, I would think so, Your Honor. I mean, whatever the – what Judge Smith was saying is whatever you – however you calculate the guidelines, you couldn't do better than a minimum sentence. Well, that's true, but you're certainly entitled to having it done right. And if the judge – Even if there's no prejudice? Pardon me? No possible prejudice? Well, it certainly makes my argument more difficult. But I think he's still entitled to have an accurate calculation of the guidelines, and that wasn't done in this case. So why don't you make one and sort of save it as a souvenir, because it's not going to affect the sentence? No. It is likely to come up again, and because Arizona does have a lot of cases that come up to the Ninth Circuit, and there's some defendants that have these types of prior convictions, and so it would be helpful to have an opinion as to whether or not this is correct or not. We submit that it's not correct and that it shouldn't be used as a crime of violence in order to qualify somebody as a career offender. So you're not happy with the modified categorical approach? Not the way this Court did it. Well, I think we have an unbanked case that will be coming out fairly soon on applying the modified categorical approach in – to burglaries under various State statutes. Maybe that will make you happier, because it's not a very practical problem in this case. Not in this case, Your Honor. Thank you, counsel. Thank you. May it please the Court. My name is Cynthia Wood. I'm the Assistant United States Attorney assigned to this Court – excuse me, assigned to this case. It's the government's position in connection with this matter that the district court properly, in fact, refused – excuse me – in fact, properly refused to accept the plea agreement in connection with this matter, that it properly applied the 851 enhancement, and that it properly applied the career offender statute in connection with this matter. To begin with the rejection of the plea, I believe the Court is correct with the defendant, and the district court did not abuse its discretion, where the defendant had, in fact, refused to waive his right to a jury trial. As to the material factor, yet argued at the same time that the district court could not impanel a sentencing jury to determine the amount. And while Mr. Leon has offered as a reason for that a – that he wanted – that Mr. Cooper wanted this Court to, in fact, reach that – reach a decision regarding that matter, the defendant in this case and the government early on had, in fact, requested a pre-settlement conference report in connection with this case. The defendant was facing 360 months to life based on the career offender status. He knew that from October of 2003. It was – it is equally as reasonable to offer that what the defendant was attempting to do by pleading guilty to an unspecified amount of methamphetamine was to limit his sentence under 841 to 20 years. That would be – he would be facing zero to 20 under the case law that the court had – had, in fact, handed down. In fact, the defendant strenuously argued below under Thomas that he was, in fact, entitled to plead guilty, even though under Thomas it specifically said that, you know, absent a waiver of a jury trial right – excuse me, absent a waiver of the defendant's right to the jury trial determination, the district court couldn't determine the drug in quantity that would affect the statutory maximum. And that's what he's relying on. So I think it is – Kennedy, counsel said that in some other districts they do impanel sentencing juries to determine issues like this. Do you know anything about that? I believe he's correct, and I believe that's what the court was referring to when it indicated that there was an error. This case was, in fact, proceeding while it fell between Blakely – excuse me, it fell between Blakely and then Booker and Fanfan. And there was a series of – we were, in fact, arguing whether or not the defendant could, in fact, plead guilty and what – what under the – and under what circumstances he could, in fact, plead guilty. So are you saying it could have been a plea without the amount if the judge had wanted to take it, and then the amount could have been determined by a sentencing jury? Not under case law in this circuit, and that was the problem. So when you say that it is in other districts, you mean in other circuits? In other circuits, that's correct. And that was subsequent to the court's decision in connection with this case. Do you think that that should be the law in this circuit? No. The defendant in this case had an absolute right to plead guilty – to plead guilty or to plead not guilty. He could plead not guilty and go to trial if he wanted to, in fact, dispute the amount of narcotics involved in this case. There is not a single shred of evidence anywhere in the record where the defendant, in fact, disputes the amount of narcotics involved in this case. Well, let's say – Because he didn't know. No. In fact, the district court found that the amount of narc – the amount of drugs were established in the record by the defendant's statements. He confessed. Well, let's say there was a case where there was a legitimate dispute about the amount of drugs. Do you think the law in this circuit should be that a defendant could plead guilty to the elements of the offense and then have the amount determined by a sentencing jury? No. The defendant has a right to a jury trial. He has an absolute right to a jury trial, and he can, in fact, exercise that. There is no need to bifurcate the proceedings like that. In fact, the – Do you know which circuits have a contrary rule? I'm not certain which circuits have, in fact, accommodated that. I know that it came, though, in connection with the Blakeley. Once Blakeley came down, a number of circuits said, oh, my goodness, we have to have these jury trial determinations, and in fact, they – I believe there were, in fact, some sentencing juries, in fact, paneled in – impaneled in other circuits. But it has not been done, to the best of my knowledge, in connection with – particularly in connection with these matters. What it would require was essentially a – it would require a jury trial. We're going to put on the same evidence to prove the quantity as we would, in fact, to prove guilt or innocence for the most part. There would be very little difference. We would have to call witnesses. They would be subject to cross-examination. And that's fine, but we might as well, in fact, go ahead with the entire jury trial rather than doing it just for strictly the sentencing purposes. What, in fact, purpose would that serve to allow the jury just on those issues? There may be – there may be an unusual circumstance whereby it's – whereby it's – whereby it would be feasible, but it seems to the government, at least, that the same evidence would be required in both cases. Thank you. Counsel, I'm just looking at Rule 11 in the Rules of Criminal Procedure. And Rule 11H says a variance from the requirements of this rule is harmless error if it does not affect substantial rights. I'm going now to the 851 issue. In this particular case, clearly the defendant received notice of the fact that an enhancement was contemplated, right? That's correct. And also in this situation, the defendant – I just lost my train of thought here. Let me go to – why don't you go ahead and I'll get back to it in a second here. Okay. In connection with this matter, what the Court should also bear in mind is that this matter was essentially resolved by a court trial. Not just by a court trial, but by a court trial based on stipulated facts. The defendant did, in fact, sign off on a document that reiterated a whole series of factors, which, in fact, proved the amount of narcotics in this case beyond a reasonable doubt. And I'm not certain what the remedy is that the defendant is asking for, whether he's asking that the entire conviction be overturned, in which case this would be remanded for we're not quite certain what, since there was no plea offer in connection with this matter. And so we are kind of back to where we were before, if you will. That reminds me of my question, which is that, again, as I mentioned to your opposing counsel, the reality is that the trial judge in this case sentenced the defendant to the minimum sentence. It can't get any better than that, can it, as far as this man is concerned? Well, certainly from the government's point of view, it can't get any worse. That is correct, basically. We won the battle and lost the war. He, in fact, found the career he found the defendant was, in fact, a career offender and then granted a 10-year downward variance and sentenced him to the minimum mandatory. Would that render then, even if there were something wrong with the plea colloquy, it's harmless error, is it not? Well, in fact, there was no plea colloquy in connection with this matter because this was a court trial. So all he did was, in fact, determine whether or not the defendant wanted to waive his right to a jury trial. So any, in fact, I'm not sure what the remedy would be in this case and so or what the remedy would be that the court could order. And we would argue that, in fact, any error in connection with this matter would certainly be harmless. Well, what would the sentence have been if he had not, if he had had the minimum amount of drugs? It could have gotten no more than 20 years. It would have been 0 to 20. Again, no. In this case, logistically, it's a bit more difficult. There, again, the government indicates that there was no agreement. He got his points for acceptance of responsibility over the government's objection. He preserved his rights to appeal that he would have forfeited had he, in fact, truly pled guilty. There's really no harm with regard to this particular matter. With regard to the burglary issue or with regard to defense counsel's last argument, with regard to the burglary issue, his reliance on Wenner is misplaced. Wenner dealt with a case where the only documentation that was offered was, in fact, the information. The government in this case offered a series of documents, including the transcript of the 1989 plea colloquy for the defendant. The Court is, in fact, I believe the Court had a question as to whether or not the what, in fact, the indictment indicated and what, in fact, the plea agreement indicated in connection with this matter. Both the indictment and plea indicated that the defendant committed burglary in the first degree and the second degree of a residential structure. They're right in the sense that structure is defined in several different ways, but residential structure certainly narrows the definition located at a certain address at 1202 East Summit Street in Tucson, Arizona. And it specifically indicates it was occupied by a Clinton Ludeke and a Rebecca Ludeke. The District Court correctly, I believe, relied on the indictment, the plea agreement, and the transcript of the colloquy. And in the colloquy, he specifically asked them, this was a home, right? And the defendant responds, yes. And he says, and it belonged to these people, and you didn't have permission to be there. And the defendant says, yes. He says, you went in there with the intent to steal something. And the defendant again says, yes. Given that record, I don't believe it even comes close to winner. And the government ---- If you threw that out completely, he still got the minimum sentence, right? If we threw that out, he still got the minimum sentence. That's correct. All right. Thank you, counsel. Thank you. Okay. Just briefly, there can be any number of reasons why a defendant would want to enter a plea and continue to contest enhancements. For one thing, there's the acceptance of responsibility adjustment that's usually done. And if a defendant proceeds to trial, he obviously is going to ---- the government will be placed in the position of saying, well, he took us to trial. He shouldn't get that acceptance of responsibility. He may also want to dispute his role in the offense while admitting committing the offense. He may also try to qualify for the safety bail. So there's any number of reasons why a defendant would want to plead guilty without necessarily admitting everything that's charged in the indictment, which is what it appears Judge Zapata was doing in this instance, was requiring the defendant to admit the quantity. Now, it's true there's no colloquy that indicates that he was asking him to admit what his role in the offense was or whether he possessed a firearm during the commission of the offense. But I point this out only to emphasize that there certainly are circumstances where a defendant may be willing and may actually want to go ahead and admit committing the elements of the offense while disputing those factors that are going to increase the sentence. The question is how are those factors then going to be determined? I'm sorry? How are they to be determined, the parts he doesn't want to admit that are still in dispute? Well, as I say, I guess that's what's to be determined by this Court, because those we contend ---- What's your suggestion? My suggestion would be is that we have some kind of procedure to determine if it's a jury trial on sentencing, on quantity or sentencing enhancements, then that's probably the way to do it. It allows a defendant to at least make the argument that he's accepting responsibility while allowing him also to contest those issues that are going to perhaps result in a lesser sentence that he might be facing. And unfortunately, we're at that point where, because of the Supreme Court decisions, that these sentencing factors have to be determined by a fact finder beyond a reasonable doubt. The only fact finder around is the jury, unless the defendant agrees to have a judge do it. That's all I have. Thank you. Thank you, Justice. The case is, arguably, submitted. The final case of the morning for ----
judges: Ferguson, Reinhardt, M. Smith